IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| v. | : | |
| | : | NO. 25-22-1 |
| **DONNELL ROBINSON** | : | |
| **JERMAINE WEEKS** | : | |
| Defendants. | : | |

## ORDER

**AND NOW,** this 14th day of November, 2025, upon consideration of the Parties' pretrial motions and for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED as follows:

1. The Government's Motion in Limine to Admit Defendant Weeks' Admission and Exclude Improper Hearsay Evidence (ECF No. 71) **is GRANTED IN PART and DENIED IN PART**. The motion is granted insofar as the Government seeks a ruling that Weeks's recorded custodial interview is admissible against him at his own trial under Federal Rule of Evidence 801(d)(2)(A), subject to the requirements of Rule 106 and the conditions stated in the Court's Memorandum. The motion is denied insofar as it seeks to introduce a selectively edited or sanitized version of that statement at a joint trial of Weeks and Robinson.

2. Defendant Robinson's Motion to Sever Defendant (ECF No. 51) is **GRANTED**. Defendant Weeks's motion joining that request (ECF No. 78) is likewise **GRANTED**. The trials of Defendants Robinson and Weeks shall therefore be **SEVERED**.

3. In Defendant Robinson's separate trial, Weeks's custodial statement may not be introduced as evidence against Robinson unless Weeks testifies and is subject to cross-examination consistent with the Sixth Amendment.

BY THE COURT

_____
Hon. Mia R. Perez
